At the time of the hearing in this matter and at the time the trial court entered its September 21, 2001, judgment, the father was paying $74 per month for health insurance for the parties' child. In his October 12, 2001, postjudgment motion, the father, among other things, asserted that the cost of providing health insurance benefits was $313 per month[2]; the father submitted no evidence in support of his assertion that he was paying that amount to provide health-insurance coverage for the parties' child. Because the father was paying only $74 per month for health insurance at the time of the hearing and at the time the trial court entered its judgment, the trial court could have determined that the father's claim that his cost for health insurance was going to increase was too speculative to include in its determination of the father's child-support obligation. I conclude that the evidence before the trial court at the time it entered its judgment, and during the time the father's postjudgment motion was pending in the trial court, supported the trial court's decision to calculate the father's child-support obligation pursuant to Rule 32, Ala.R.Jud.Admin., by including in its calculation health-insurance costs of $74 per month. Therefore I dissent from that part of the main opinion that reverses the trial court's child-support determination on that basis. I concur in all other parts of the main opinion.
[2] I note that the main opinion uses the figure $294 as the insurance cost; that figure is the amount the trial court found in its April 3, 2002, order, to be the increased monthly cost of the health insurance.